**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
IOWA CENTRAL DIVISION**

| | |
|---|---|
| JIMMY A. QUICK, JR.,<br>PLAINTIFF,<br>vs.<br>H&P CAPITAL, INC.<br>DEFENDANT. | **Civil Action No.**<br>**COMPLAINT and DEMAND FOR JURY TRIAL** |

NOW COMES the Plaintiff, Jimmy A. Quick, Jr., ("Plaintiff" or "Quick") by and through his attorney, L. Ashley Zubal, and for his Complaint against H&P Capital, Inc. (hereinafter "Defendant" or "H&P Capital"), alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq, (hereinafter "FDCPA") and the Iowa Debt Collection Practices Act, § 537.7103, et seq, (hereinafter "IDCPA") which prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business in Iowa and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff, Quick, is a natural person residing in Warren County, Iowa.

4. Defendant, H&P Capital, is a business principally located in Florida who is engaged in the collection of debts owed to another in the State of Iowa.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is a "debtor" as that term is defined by Iowa Code § 537.7102(6).

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

## IV. FACTUAL ALLEGATIONS

7. At some point in time, the Plaintiff incurred a financial obligation to an original creditor that was primarily for personal, family or household purposes, that allegedly went into default for late payment, and is therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Iowa Code § 537.7102(3).

8. Sometime thereafter, the debt was sold, assigned, or otherwise transferred to the Defendant for collection, when thereafter the Plaintiff began receiving collection communications from the Defendant in an attempt to collect this debt.

### *Voice Message to Plaintiff on November 23, 2012*

9. On or about November 23, 2012, the Plaintiff received a voice message from a male representative of the Defendant. The voice message includes the following statements:

> Yeah Jimmy Quick this is Michael Barnes calling with the processing department of HP and Associates. Mr. Quick it is urgent that I speak with you by today. Jimmy I do need to advise you what's taking place on a severe matter filed directly against your

> name and social. It was submitted by Altoona. It's urgent I get a statement on your behalf Jimmy. A number you can reach me at (omitted). Again Mr. Quick this is Michael Barnes calling with HP and Associates. The call has been documented as formal notification.

10. The representative was contacting Quick in an attempt to collect a debt allegedly owed by the Plaintiff.

11. At the time the voice message was left, the Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances or the documentation Mr. Barnes was referencing.

12. At no time did the Defendant file a civil collection suit against the Plaintiff. At no time did the Defendant institute legal action against the Plaintiff for the alleged debt owed.

13. The call placed by the Defendant's representative was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. As a result of the Defendant's representative's collection call, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, and anger.

15. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d(2), 1692e(2)(A), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(13), 1692e(14), 1692f and 1692f(1), amongst others.

16. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA,

including but not limited to Iowa Code §§ 537.7103(1)(b), 537.7103(1)(c), 537.7103(1)(e), 537.7103(1)(f), 537.7103(3)(a), 537.7103(4)(b), 537.7103(4)(e), 537.7103(4)(g); and 537.7103(5)(c)(2), amongst others.

***Voice Message to Plaintiff on November 28, 2012***

17. On or about November 28, 2012, the Plaintiff received a voice message from a male representative of the Defendant. The voice message includes the following statements:

> Yeah Jimmy Quick this is Michael Barnes I'm with the processing division of HP and Associates. Jimmy I've left several messages on your answering machine regarding the document and claim that was filed directly against your name and social. Unfortunately my clients are done waiting they are going to move forward this afternoon with or without your consent. If you want to call and issue a statement to prevent any of this the number is (omitted)… Mr. Quick, the call is documented as a final notification so good luck to you.

18. The representative was contacting Quick in an attempt to collect a debt allegedly owed by the Plaintiff.

19. At the time the voice message was left, the Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances or the documentation Mr. Barnes was referencing.

20. At no time did the Defendant file a civil collection suit against the Plaintiff. At no time did the Defendant institute legal action against the Plaintiff for the alleged debt owed.

21. The call placed by the Defendant's representative was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. As a result of the Defendant's representative's collection call, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, and anger.

23. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2); 1692b(5); 1692c(b), 1692d(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(13), 1692f and 1692f(1), amongst others.

24. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(b), 537.7103(1)(c), 537.7103(1)(e), 537.7103(1)(f), 537.7103(3)(a), 537.7103(4)(b), 537.7103(4)(e), 537.7103(4)(g); and 537.7103(5)(c)(2), amongst others.

***Voice Message to Plaintiff on November 30, 2012***

25. On or about November 30, 2012, the Plaintiff received a voice message from a male representative of the Defendant. The voice message includes the following statements:

> Mr. Jimmy Quick, my name is Joe (inaudible) with HP and Associates final processing. Sir we've made several attempts to contact you at this phone number. We've also made several attempts at your address and mailing and you've failed to reply. Your ten days are up (inaudible). At this point sir we're going to be able to show that you have not replied or responded to any of the attempts to notify you of this complaint against you in our office. Mr. Quick if you wish to get this matter resolved voluntarily I

> suggest you contact me today at (omitted). If I do not hear back from you pending action will be taking place against you on Monday in the afternoon. Mr. Quick I want to make sure that you give me a call back here today. If I can't help you sir I'm very sorry you'll have to be held accountable for the things you have done to my client.

26. The representative was contacting Quick in an attempt to collect a debt allegedly owed by the Plaintiff.

27. At the time the voice message was left, the Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances the representative was referencing.

28. At no time did the Defendant file a civil collection suit against the Plaintiff. At no time did the Defendant institute legal action against the Plaintiff for the alleged debt owed.

29. The call placed by the Defendant's representative was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

30. As a result of the Defendant's representative's collection call, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, and anger.

31. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2); 1692b(5); 1692c(b), 1692d(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(13), 1692f and 1692f(1), amongst others.

32. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(b), 537.7103(1)(c), 537.7103(1)(e), 537.7103(1)(f), 537.7103(3)(a), 537.7103(4)(b), 537.7103(4)(e), 537.7103(4)(g); and 537.7103(5)(c)(2), amongst others.

***Voice Message to Plaintiff on December 03, 2012***

33. On or about November 30, 2012, the Plaintiff received a voice message from a male representative of the Defendant. The voice message includes the following statements:

> Yes Mr. Quick this is Mike Wallace with (inaudible) investments. In regards to your case there has been five noted attempts including myself of contact to obtain a statement on your behalf. Clearly you are aware of your actions and consequences thereof. At this time Hereby approve this formal complaint for final processing in regards to your case for the Iowa authorities for Polk County for Altoona, Iowa. If you have any questions concerning this matter contact our office at (omitted). This message has been documented as formal notification. Goodbye Mr. Quick.

34. The phone number provided in the voice message was the same phone number provided in a previous voice message wherein the representatives stated they were calling from HP and associates.

35. The representative was contacting Quick in an attempt to collect a debt allegedly owed by the Plaintiff.

36. At the time the voice message was left, the Plaintiff was completely unaware of why the Defendant's representative was contacting him. He had no knowledge of the circumstances the representative was referencing.

37. At no time did the Defendant file a civil collection suit against the Plaintiff. At no time did the Defendant institute legal action against the Plaintiff for the alleged debt owed.

38. The call placed by the Defendant's representative was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

39. As a result of the Defendant's representative's collection call, the Plaintiff experienced emotional distress symptoms which include but are not limited to the following: embarrassment, humiliation, anxiety, nervousness, confusion, frustration, fear, sense of helplessness, and anger.

40. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2); 1692b(5); 1692c(b), 1692d(2), 1692e(2)(A), 1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692e(13), 1692f and 1692f(1), amongst others.

41. The collection call placed by the Defendant to the Plaintiff was a collection communication in violation of numerous and multiple provisions of the IDCPA, including but not limited to Iowa Code §§ 537.7103(1)(b), 537.7103(1)(c), 537.7103(1)(e), 537.7103(1)(f), 537.7103(3)(a), 537.7103(4)(b), 537.7103(4)(e), 537.7103(4)(g); and 537.7103(5)(c)(2), amongst others.

## V. FIRST CLAIM FOR RELIEF: VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. H&P Capital, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

**COUNT I.**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant and for Plaintiff;
- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant and for Plaintiff;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and
- For such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF: VIOLATION OF THE IOWA DEBT COLLECTION PRACTICES ACT (IDCPA)

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. H&P Capital, and its agents, through the foregoing intentional and negligent acts and omissions, violated numerous and multiple provisions of the IDCPA including, but not limited to, each and every one of the above-cited provisions of the IDCPA, Iowa Code § 537.7103 et seq.

47. As a result of each and every Defendant's violations of the IDCPA, Plaintiff is entitled to actual damages pursuant to § 537.5201(1)(y); statutory damages in an amount up to $1,000.00 pursuant to § 537.5201(1)(y); and, reasonable attorney's fees and costs pursuant to § 537.5201(8) from the Defendant herein.

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant:

**COUNT II.**
**VIOLATIONS OF THE IOWA DEBT COLLECTION PRACTICES ACT**
**Iowa Code § 537.7103 et seq.**

- For an award of actual damages pursuant to § 537.5201(1)(y)against the Defendant and for Plaintiff;
- For an award of statutory damages of $1,000.00 pursuant to § 537.5201(1)(y) against the Defendant and for Plaintiff;
- For an award of costs of litigation and reasonable attorney's fees pursuant to § 537.5201(8) against the Defendant and for Plaintiff; and
- For such other and further relief as may be just and proper.

## VII. JURY DEMAND

The Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

/s/ L. Ashley Zubal

L. Ashley Zubal IS9998256
Marks Law Firm, P.C.
4225 University Avenue
Des Moines, IA 50311
(515) 276-7211
(515) 276-6280
ATTORNEY FOR PLAINTIFF